1

2

3

4                              UNITED STATES DISTRICT COURT

5                                    DISTRICT OF NEVADA

6                                            * * *

7    BRIAN DONOHO,                                   Case No. 2:15-CV-640 JCM (NJK)

8                                  Plaintiff(s),                     ORDER

9            v.

10   SPACECRAFT COMPONENTS CORP., et al.,

11                                 Defendant(s).

12

13          Presently before the court is plaintiff/counter-defendant Brian Donoho's (hereinafter

14   "plaintiff") motion to dismiss. (Doc. # 10). Defendant/counter-claimant Spacecraft Components

15   Corp. (hereinafter "defendant") filed a response, (doc. # 18), and plaintiff filed a reply, (doc. # 19).

16

17   **I.     Background**

18          The instant case arises out of an employment dispute. Defendant designs, distributes, and

19   manufactures environment connectors primarily for railway, military, and industrial use. (Doc. #

20   5). Plaintiff was employed as an at-will sales manager for defendant from approximately April

21   2010, through August 2013. (Doc. # 5). Plaintiff was terminated on or around July 19, 2013.

22   (Doc. # 2).

23          Plaintiff alleges that throughout his term of employment he was subjected to a variety of

24   discriminatory remarks and comments. (Doc. # 2). Plaintiff further asserts that he was terminated

25   because he filed formal complaints about this discriminatory conduct. (Doc. # 2). In addition,

26   plaintiff contends that defendant's proffered reason for dismissing him for "business needs" is

27   mere pretext. (Doc. # 2).

28

**James C. Mahan**
**U.S. District Judge**

1    Upon being hired, plaintiff agreed to defendant's technology policy, which included,
2  among other provisions, that "company technology shall not be used to send (upload) or receive
3  (download) copyrighted materials, trade secrets, proprietary financial information, or similar
4  materials without prior authorization from Spacecraft Components management." (Doc. # 18).

5    On April 7, 2015, plaintiff filed a complaint alleging four causes of action: (1) national
6  origin discrimination in violation of Title VII, 42 U.S.C. § 2000e-2 and NRS 613.330; (2) religious
7  discrimination in violation of Title VII, 42 U.S.C. § 2000e-2 and NRS 613.330; (3) retaliation in
8  violation of 42 U.S.C. § 2000e-3(a) and NRS 613.340; and (4) intentional infliction of emotional
9  distress. (Doc. # 2). Defendant then filed a counterclaim against plaintiff for a violation of the
10  Nevada Trade Secrets Act. (Doc. # 10).

11    Defendant's counterclaim alleges that, after plaintiff was terminated, plaintiff sent emails
12  to his personal account containing confidential information including, but not limited to, pricing
13  details, business plans, and client contact information. (Doc. #10). In particular, defendant alleges
14  that plaintiff misappropriated this valuable corporate information by sending himself trade secrets
15  from defendant's servers for the purpose of circumventing defendant's technology policy, security,
16  and monitoring software. (Doc. #10).

17    Plaintiff now moves to dismiss defendant's counterclaim, arguing that the court lacks
18  supplemental jurisdiction to rule on the counterclaim and that the counterclaim fails to state a claim
19  upon which relief can be granted.

20
## II.    Legal standard
21
### a.    Supplemental jurisdiction
22
23    All counterclaims are either compulsory or permissive. Compulsory counterclaims are
24  claims that "arise[] out of the transaction or occurrence that is the subject matter of the opposing
25  party's claim" and "do[] not require adding another party over whom the court cannot acquire
26  jurisdiction." Fed. R. Civ. P. 13(a). The Ninth Circuit has adopted the "logical relationship test"
27  for determining whether a counterclaim is compulsory. *In re Pegasus Gold Corp.*, 394 F.3d 1189,
28  1196 (9th Cir. 2005). The test provides:

**James C. Mahan**
**U.S. District Judge**

1

2

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

3

4

*Id.* (quoting *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992)); *Sparrow v. Mazda Am. Credit*, 385

5

F. Supp. 2d 1063, 1066 (E.D. Cal. 2005) ("Under this test, the court analyzes whether the essential

6

facts of the various claims are so logically connected that considerations of judicial economy and

7

fairness dictate that all issues be resolved in one suit.") (internal citations, quotations, and

8

alterations omitted).

9

All counterclaims that are not compulsory are permissive. Federal Rule of Civil Procedure

10

13(b) states that "[a] pleading may state as a counterclaim against an opposing party any claim that

11

is not compulsory." Further, the advisory committee notes to the 2007 amendment of Rule 13

12

require "[b]oth as a matter of intended meaning and current practice, a party may state as a

13

permissive counterclaim a claim that does grow out of the same transaction or occurrence as an

14

opposing party's claim even though one of the exceptions in Rule 13(a) means the claim is not a

15

compulsory counterclaim."

16

28 U.S.C. § 1367(a) permits a federal district court to exercise supplemental jurisdiction

17

over state law claims when (1) the federal district court has original jurisdiction over the action

18

and (2) the other claims are so related to claims in the action within original jurisdiction that they

19

form part of the same case or controversy under Article III. Courts have abandoned "the analysis

20

for determining whether supplemental jurisdiction exists based on whether a counterclaim is

21

compulsory or permissive." *Sparrow*, 385 F. Supp. 2d at 1067 (collecting cases).

22

"The issue whether supplemental jurisdiction exists over counterclaims is determined by

23

the language of § 1367." *Id.* "Whether supplemental jurisdiction exists over a counterclaim

24

depends on whether the state counterclaim and the federal claim [are] 'so related . . . that they form

25

part of the same case or controversy under Article III of the United States Constitution.' " *Id.*

26

(quoting 28 U.S.C. § 1367(a)).

. . .

27

. . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1

**b. Motion to dismiss**

2      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

3  can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and

4  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);

5  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

6  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

7  elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

8      "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

9  U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

10 matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation

11 omitted).

12     In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

13 when considering motions to dismiss. First, the court must accept as true all well-pled factual

14 allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

15 *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory

16 statements, do not suffice. *Id.*

17     Second, the court must consider whether the factual allegations in the complaint allege a

18 plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

19 alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

20 alleged misconduct. *Id.* at 678.

21     Where the complaint does not permit the court to infer more than the mere possibility of

22 misconduct, the complaint has "alleged–but it has not shown–that the pleader is entitled to relief."

23 *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the

24 line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

25     The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202

26 (9th Cir. 2011). The *Starr* court held,

27

28
    First, to be entitled to the presumption of truth, allegations in a complaint or
    counterclaim may not simply recite the elements of a cause of action, but must
    contain sufficient allegations of underlying facts to give fair notice and to enable

**James C. Mahan**
**U.S. District Judge**

- 4 -

the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* at 1216.

## III.   Discussion

### a.   Supplemental jurisdiction

This court has original, federal question jurisdiction over  plaintiff's  claims  against defendant pursuant to 28 U.S.C. § 1331.  However, this court lacks original subject matter jurisdiction over the state law counterclaim asserted by defendant.  The issue is whether this court may exercise supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367.

"The traditional rule is that federal courts have supplemental jurisdiction over compulsory counterclaims, since a plaintiff would otherwise lose his opportunity to be heard on that claim." *Sparrow*, 385 F. Supp. 2d at 1066.  Federal Rule of Civil Procedure 13(a) provides that a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

In determining what constitutes a compulsory counterclaim, the Ninth Circuit applies a "logical relationship" test to determine whether a claim and counterclaim arise out of the same transaction or occurrence. *Montana v. Goldin*, 394 F.3d 1189, 1196 (9th Cir. 2005); *see also in re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992).

The operative question is "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).  Thus, courts must determine whether there is a substantial overlap between the facts necessary to the claim and counterclaim.  *Id.* at 1251.

Plaintiff alleges that defendant's counterclaim is not compulsory and thus this court lacks subject matter jurisdiction over it.  According to plaintiff, his retaliation and national origin/religious discrimination claims are wholly unrelated and factually dissimilar to defendant's

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   trade secrets counterclaim.  (Doc. # 10).  Plaintiff further contends that allegations of improper use

2   are inappropriate here as plaintiff now works in an unrelated field.  (Doc. # 19).

3         Here, the counterclaim meets the logical relationship test and is compulsory.   The

4   allegations pertaining to plaintiff's initial employment discrimination claims and defendant's

5   counterclaim stem from the same operative facts.  Both parties' claims are logically connected to

6   their employment relationship and judicial economy is best served by adjudicating these issues in

7   a single proceeding.   Thus, under the traditional rule, this court has supplemental jurisdiction

8   because the counterclaim is compulsory.  *See Sparrow*, 385 F. Supp. 2d at 1066.

9         However,  many  courts  have  abandoned  "the  analysis  for  determining  whether

10  supplemental jurisdiction exists based on whether a counterclaim is compulsory or permissive."

11  *Sparrow*, 385 F. Supp. 2d at 1067 (collecting cases).  Supplemental jurisdiction is now determined

12  based on the language of § 1367.  *Id.*  The language of § 1367 states, "[w]hether supplemental

13  jurisdiction exists over a counterclaim depends on whether the state counterclaim and the federal

14  claim [are] 'so related . . . that they form part of the same case or controversy under Article III of

15  the United States Constitution.' "  28 U.S.C. § 1367(a).  The Ninth Circuit has not yet addressed

16  this issue.  *Sparrow*, 385 F. Supp. 2d at 1067.

17        Based on the foregoing reasons, the court finds that supplemental jurisdiction also exists

18  under the language of § 1367.  The counterclaim is sufficiently related to initial claims to be part

19  of the same case or controversy plaintiff alleges, and judicial economy is best served by

20  adjudicating all of these issues in a single action.

21        Both the underlying claim and counterclaim derive from an employment relationship

22  between plaintiff and defendant.  This relationship, coupled with the fact that this counterclaim

23  aids in defendant's after-evidence affirmative defense, creates a sufficient factual connection

24  between the claims and makes the application of supplemental jurisdiction appropriate over

25  defendant's counterclaim.

26        Notably, a district court may decline to exercise supplemental jurisdiction over a claim if:

27  (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates

28  over the claim or claims over which the district court has original jurisdiction; (3) the district court

**James C. Mahan**
**U.S. District Judge**

- 6 -

1   has dismissed all claims over which it has original jurisdiction; or, (4) in exceptional

2   circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

3   The court finds that none of the § 1367(c) exceptions apply and that it would be inefficient to

4   dismiss defendant's Nevada Trade Secrets Act counterclaim.

5       Accordingly, this court exercises its discretion under 28 U.S.C. § 1367(a) to provide

6   supplemental jurisdiction over defendant's counterclaim.  The court will now address plaintiff's

7   motion to dismiss for failure to state a claim.

8       **b.       Motion to dismiss**

9

10      To survive a motion to dismiss for a Nevada Trade Secrets Act claim, defendant must

11  allege: (1) a valuable trade secret; (2) misappropriation of the trade secret through use, disclosure,

    or nondisclosure of use of the trade secret; and (3) the requirement that the misappropriation be

12  wrongful because it was made in breach of an express or implied contract or by a party with a duty

13  not to disclose. *Frantz v. Johnson*, 116 Nev. 455, 999 P.2d 351, 358 (Nev. 2000).

14      Defendant's counterclaim alleges that plaintiff violated the Nevada Trade Secrets Act by

15  "acquiring trade secret information by improper means" and "misappropriat[ing] Spacecraft's

16  trade secret information and materials for his own improper use to the detriment of Spacecraft."

17  (Doc. # 5).

18      More specifically, defendant claims this violation occurred through plaintiff "send[ing]

19  himself, to his personal email address, numerous emails containing confidential, propriety and

20  trade secret information while he was employed with Spacecraft."  (Doc. # 5).  Such information

21  included "customer lists and contact information, distributor information, customer invoices, sales

22  and marketing plans/reports, and pricing data."  (Doc. # 5).  Defendant contends that plaintiff did

23  so for "no legitimate reason," but instead to circumvent defendant's technology policy as the

24  company maintains a web mail login for all salespeople.  (Doc. # 5).

25      Defendant further alleges that plaintiff read and agreed to defendant's technology policy,

26  which provides, in relevant part, that company technology (including email) "shall not be used to

27  send (upload) or receive (download) copyrighted materials, trade secrets, proprietary financial

28  information, or similar materials without prior authorization from Spacecraft Components

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  management" and that the "use of the company technology for personal purposes is prohibited."

2  (Doc. # 5).

3  Plaintiff argues that defendant's counterclaim is solely a retaliatory reaction to plaintiff's

4  initial claims.  (Doc. # 10).  To support this proposition, plaintiff points to the fact that that this

5  counterclaim was filed only after plaintiff was terminated and commenced suit against the

6  defendant.  (Doc. # 10).  Plaintiff maintains that the alleged factual allegations are insufficient to

7  show a breach of the Nevada Trade Secrets Act and to survive a Rule 12(b)(6) motion to dismiss.

8  (Doc. # 10).

9  Accepting defendant's allegations as true, the court finds that defendant has sufficiently

10  alleged a violation of the Nevada Trade Secrets Act.  Defendant's counterclaim alleges

11  wrongdoing on the part of the plaintiff that goes beyond merely filing suit.  Defendant sufficiently

12  alleges that plaintiff improperly emailed himself confidential information, without permission,

13  from the company servers.  (Doc. # 5).

14  Moreover, the "determination of whether corporate information, such as customer and

15  pricing information, is a trade secret is a question for the finder of fact." *Frantz v. Johnson*, 116

16  Nev. 455, 466, 999 P.2d 351, 358 (2000).  The Ninth Circuit held in *Imax Corp. v. Cinema Tech.,*

17  *Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998), that trade secrets should be described with "sufficient

18  particularity," and this court finds that defendant has sufficiently alleged a trade secret for Rule

19  12(b)(6) purposes.  (Doc. # 5).  Accordingly, dismissal for failure to state a claim is not warranted.

**IV.   Conclusion**

22  Accordingly,

23  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff/counter-

24  defendant's motion to dismiss, (doc. # 10), be, and the same hereby is, DENIED.

25  DATED June 17, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan
U.S. District Judge**

- 8 -